

*Home   Information   Directory   Fees   Calendar   Cases*

# Court Cases

**Docket Number:** S1031-2005CnC

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Flanders, Barbara, f/k/a<br>Webb, Barbara (f/k/a) | vs. Liftech Companies, et al<br>Barry Callebaut U.S.A., Inc.<br>Barry Callebaut U.S.A, LLC<br>Leroux, Gary |
| **PLAINTIFFS ATTORNEYS** | **DEFENDANTS ATTORNEYS** |
| Edwin L. Hobson, Esq. | vs. Thomas H. Somers, Esq.<br>John T. Sartore, Esq. |

**Date Filed:** 09-12-2005   **Mediation Date:** 01-15-2007   **Trial Ready Date:** 06-15-2007

**Date Served:** 10-24-2005   **Motion Hearing:**   **Jury Draw Date:**

**Conference Date:**   **PreTrial Hearing:**   **Trial Date:**

**Date Closed:**   **Claim Amount:**   **Judgment Amount:**

**Case Satisfied:**   **Jury Demand:** Y

**Case Type:** HARASSMENT/EMPLOY.

**Case Disposition:** Pending

## DOCKET ENTRIES:

| | |
|---|---|
| Def. Liftech Companies, Inc.; serv 09/19/05; Atty J. Sartore | |
| Def. Barry Callebaut U.S.A., Inc.; 10/24/05; Atty T. Somers | |
| Def. Barry Callebaut U.S.A., LLC; 10/24/05; Atty T. Somers | |
| Def. Leroux, Gary; serv 10/12/05; Atty J. Sartore | |

09/12/05 Summons, complaint, demand for trial by jury and exhibits filed by Atty E. Hobson; pd

09/19/05 Pltf's first amended complaint, demand for trial by jury and attachments filed by Atty E. Hobson; pd

10/10/05 Return of service of summons, complaint, amended complaint and first request to produce upon def Liftech Companies, Inc. filed by Atty E. Hobson; pd

10/24/05 Notice of appearance on behalf of defs Barry Callebaut U.S.A. LLC and Barry Callebaut U.S.A., Inc. and def Barry Callebaut U.S.A. LLC's discovery certificate of first set of interrogs and first requests for production of documents upon counsel filed by Atty T. Somers; pd

10/24/05 Summons, return of service of summons, complaint, amended complaint and first request to produce upon def Gary Leroux and attachments filed by Atty E. Hobson; pd

10/28/05 Def Barry Callebaut USA, LLC's answer, counterclaim and jury demand, def Barry Callebaut U.S.A., Inc.'s answer and jury demand, and certificate of service of the same upon counsel filed by Atty T. Somers; pd

10/31/05 Notice of appearance and answer on behalf of def Liftech Companies, Inc. filed by Atty J. Sartore; pd

11/02/05 Def Liftech Companies, Inc.'s discovery certificate of first set of interrogs and requests to produce to the pltf upon counsel filed by Atty J. Sartore; pd

11/03/05 Notice of appearance and answer on behalf of def Gary Leroux filed by Atty J. Sartore; pd

00000002

| | |
|---|---|
| 11/15/05 | Pltf's answer to counterclaim of def Barry Callebaut USA, LLC with jury demand filed by Atty E. Hobson; pd |
| 11/17/05 | Amended consolidated answer of defs Liftech Companies, Inc. and Gary Leroux filed by Atty E. Turner for Atty J. Sartore; pd |
| 11/23/05 | Civil Case Flow Form-1 sent to counsel; Sys |
| 12/13/05 | Def Liftech Companies, Inc.'s discovery certificate of answer to first requests to produce upon counsel filed by the law office of Paul Frank + Collins; pd |
| 12/20/05 | Pltf's certificate of discovery of notice of deposition (Amy Bourgeois) upon defs filed by Atty E. Hobson; pd |
| 12/27/05 | Def. Liftech Companies, Inc.'s discovery certificate of supplemental responses to pltf's first request to produce upon counsel filed by Atty Sartore; sl |
| 12/29/05 | DISCOVERY CONFERENCE #1 set for 02/02/06 at 08:15; Notice sent to counsel; Sys |
| 12/28/05 | Def Barry Callebaut U.S.A. LLC's motion for summary judgment on behalf of its predecessor in interest Barry Callebaut U.S.A. Inc., memorandum of law, statement of undisputed facts, affidavit of Michael T. Russell and exhibits filed by Atty T. Somers; pd |
| 01/06/06 | Defendant Barry Callebaut USA, LLC's motion to sever, certificate of service and proposed order filed by Atty T. Sommers; jcm |
| 01/20/06 | Plaintiff's reply to motion to sever filed by Atty E. Hobson filed; jcm |
| 01/23/06 | Defendants Liftech Companies, Inc. and Gary Leroux's letter joining in defendant Barry Callebaut's motion to sever filed; jcm |

**00000003**

| |
|---|
| 01/27/06 Plaintiff's motion/order to amend complaint with attachment and plaintiff's reply to motion for summary judgment by Defendant Barry Callebaut U.S.A. LLC on behalf of its predecessor in interest Barry Callebaut U.S.A., Inc. filed by Atty E. Hobson; jcm |
| 01/31/06 Case flow form 1 filed; pd |
| 01/31/06 Due to the filing of case flow form 1 the discovery conference set for 02/02/06 has been cancelled; ddb |
| 02/03/06 Pltf's certificate of discovery of answers to first interrogs and requests to produce of Liftech upon counsel filed by Atty E. Hobson; pd |
| 02/03/06 Defendant, Barry Callebaut USA, LLC's letter regarding its motion for summary judgment and no objection to plaintiff's motion to amend her complaint filed by Atty T. Somers; jcm |
| 02/10/06 Order granting defendant Barry Callebaut's motion to sever signed and filed herein; copies sent to counsel; Judge Joseph; jcm |

*Home  Information  Directory  Fees  Calendar  Cases*

Chittenden Superior Court
175 Main Street, Burlington, VT 05401 802-863-3467

©1997-2001 Chittenden Superior Court

00000004

STATE OF VERMONT  
SUPERIOR COURT

CHITTENDEN COUNTY, SS.  
Docket no. S_____-2005CnC

BARBARA FLANDERS F/K/A BARBARA WEBB,  
    Plaintiff

v.

LIFTECH COMPANIES, INC., BARRY CALLEBAUT U.S.A., Inc., BARRY CALLEBAUT U.S.A., LLC and GARY LEROUX,  
    Defendants

**COMPLAINT**



CHITTENDEN COUNTY CLERK  
FILED IN CLERK'S OFFICE  
SEP 1 2 2005  
DIANE A. LAVALLEE  
CLERK

Now Comes Barbara Flanders, and for her complaint alleges as follows:

### Introduction

1. This is an action for damages due to Defendants' negligent performance of a repair contract on a so-called Hi-Racker forklift.

### Parties

2. The Plaintiff is a resident of St. Albans, County of Franklin, and State of Vermont.

3. Defendant Barry Callebaut U.S.A., Inc. is a foreign corporation with a place of business in St. Albans, County of Franklin, and State of Vermont. Defendant Barry Callebaut U.S.A., LLC is a foreign limited liability company. These Defendants are referred to hereinafter as "Barry Callebaut."

4. Defendant Liftech Companies, Inc. (hereinafter "Liftech") is a foreign corporation with a place of business in South Burlington, County of Chittenden and State of Vermont.

5. Defendant Gary Leroux is employed by Liftech Companies, Inc. to service Hi-Racker lifts, among other places at the Barry Callebaut

EDWIN L. HOBSON  
ATTORNEY AT LAW  
289 COLLEGE ST.  
BURLINGTON, VT  
05401-8320

(802) 863-2000

COMPLAINT

**00000005**

PAGE 1 OF 10

warehouse. Defendant Gary Leroux is a resident of Franklin County, Vermont.

## Factual Allegations

6. The Defendant Barry Callebaut hired Plaintiff Barbara Flanders f/k/a Barbara Webb on or about August 5, 1994.

7. The Plaintiff's position was a "warehouse M.O."

8. In this position, the Plaintiff operated equipment to place and remove inventory in Barry Callebaut's racks.

9. The racks are approximately forty feet in height and contain inventory on pallets weighing up to a ton.

10. Liftech supplied Hyster Hi-Rackers to Barry Callebaut.

11. Hyster Hi-Rackers are extremely heavy pieces of equipment similar to forklifts, designed to allow workers to remove heavy items from high racks or shelving. Unlike a standard forklift, the operator rides up and down with the forklift load. The Hi-Racker forklift is also sideways to the vehicle.

12. Liftech supplied a Hyster Hi-Racker to Barry Callebaut with a known design flaw, where the Hi-Racker would spin without operator input.

13. The Hyster Hi-Racker also lacked a full safety cage to protect the operator from falling objects that it would dislodge, which the Hi-Racker reasonably required to protect the operator from heavy objects falling from substantial heights.

14. The racks at Barry Callebaut contained pallets with inventory weighing up to a ton each.

15. When the Hi-Racker spun due to this design and safety flaw, it would often strike a support columns for the racks, damaging the column and shaking the rack. This spinning action created a substantial likelihood

EDWIN L. HOBSON
ATTORNEY AT LAW
289 COLLEGE ST.
BURLINGTON, VT
05401-8320

(802) 863-2000

COMPLAINT

**00000006**

PAGE 2 OF 10

of injury due to the possibility of shaking or destroying the racks, thereby dislodging heavy objects from considerable height.

16. The Plaintiff repeatedly complained of this design and safety defect to her the officials of Barry Callebaut.

17. Barry Callebaut repeatedly reported the defect to Liftech and requested repairs.

18. Gary Leroux was Liftech's on-site maintenance expert, whose duties included repair of the Hyster Hi-Racker equipment.

19. Liftech repeatedly sent its technician, Gary Leroux to repair the Hyster Hi-Racker.

20. Gary Leroux and Liftech repeatedly failed to make adequate repairs.

21. Gary Leroux and Liftech repeatedly returned the Hyster Hi-Racker to service in an unsafe condition in violation of a reasonable standard of care.

22. The Hyster Hi-Racker would continue to bang the support columns, creating unsafe working conditions for the operators and anyone nearby.

23. As a result of the failure to the Defendants to remove the defective and defectively repaired Hyster Hi-Racker from service, in approximately 2001, a fellow worker and employee of Barry Callebaut Steven Rozinski was struck by falling objects when the Hyster Hi-Racker spun and knocked items from the shelves.

24. All Defendants were made aware of Mr. Rozinski's accident.

25. Barry Callebaut once again requested repair of the Hyster Hi-Racker equipment.

EDWIN L. HOBSON
ATTORNEY AT LAW
289 COLLEGE ST.
BURLINGTON, VT
05401-8320

(802) 863-2000

COMPLAINT

00000007

PAGE 3 OF 10

26. Liftech and Gary Leroux once again negligently and improperly repaired the equipment.

27. Liftech and Gary Leroux once again allowed Barry Callebaut to return the unsafe equipment to service.

28. The Plaintiff continued to complain of the unsafe Hyster Hi-Racker, Barry Callebaut continued to notify Liftech, and Liftech continued to send Gary Leroux who continued to make negligent and unsafe repairs that failed to stop the involuntary spinning.

29. On or about September 13, 2002, the Plaintiff was operating the Hyster Hi-Racker equipment, and it once again spun. At the time the Plaintiff was near the floor.

30. This time the Hi-Racker damaged a support column and knocked inventory from heights onto the Plaintiff seriously injuring her.

31. The Plaintiff was taken to the hospital and reported the injury.

32. After the Plaintiff's injury on September 13, 2002, the Defendants finally removed the offending Hyster Hi-Racker from service.

33. Due to the injury, the Plaintiff required surgery on her right shoulder, was out of work for months, and received a permanent partial disability rating.

34. The Plaintiff returned to work in approximately February 2003, starting off at four hours per day for about two months, increasing to six hours a day, and finally going to eight hours a day.

35. The Plaintiff, as a result of her injuries, has a permanent disability qualifying for reasonable accommodations under the Fair Employment Practices Act, 9 V.S.A. chapter 5.

36. The Plaintiff was put on special but reasonable restrictions by her physician due to her permanent injuries from using the defective Hyster Hi-Racker.

EDWIN L. HOBSON
ATTORNEY AT LAW
289 COLLEGE ST.
BURLINGTON, VT
05401-8320

(802) 863-2000

COMPLAINT

00000008

PAGE 4 OF 10

37. One of these restrictions was that she was not allowed to use pump jacks.

38. Nevertheless Barry Callebaut required the Plaintiff to operate pump jacks on a regular basis because of questions relating to another employee's ability to operate pump jacks.

39. As a result of Barry Callebaut's failure to accommodate the Plaintiff's disability, the Plaintiff was again injured again in around August 2004. The Plaintiff's floor manager repeatedly refused to write this injury up as a workplace injury.

40. Barry Callebaut finally wrote up the Plaintiff's August 2004 work injury on May 19, 2005, one day prior to terminating the Plaintiff.

41. During 2004-2005, a co-worker, Kelly Raymond, was having a sexual affair with a female co-worker. He made it a practice at the plant to describe in graphic detail his purportedly frequent sexual activity with the co-worker.

42. Mr. Raymond's conduct created a hostile and intimidating job atmosphere based on sexual content.

43. The Plaintiff found his ongoing descriptions at the workplace personally offensive. She complained about Mr. Raymond's conduct repeatedly to company officials.

44. Barry Callebaut took no effective action to stop Mr. Raymond's repeated and offensive descriptions of his sexual activity with a female co-worker, indicating only that it was changing managerial structures with a team leader concept. One of Barry Callebaut supervisors responded that she "was never trained to deal with this."

45. On November 4, 2004, Barry Callebaut gave the Plaintiff a performance evaluation. The performance evaluation was positive except that there was a negative comment that the Plaintiff talked too much to

EDWIN L. HOBSON
ATTORNEY AT LAW
289 COLLEGE ST.
BURLINGTON, VT
05401-8320

(802) 863-2000

COMPLAINT

00000009

PAGE 5 OF 10

other employees. Barry Callebaut official Chuck Fitzgerald indicated informally to the Plaintiff that this negative comment was not a major concern.

46. Around November 2004, the Plaintiff was assigned to a work group, where our assignment was to put together job descriptions and justify getting a pay raise.

47. In late March 2004, Barry Callebaut moved to a different managerial structure of team leaders.

48. The Plaintiff's co-worker Kelly Raymond was quite upset that he did not get a team leader position.

49. On March 29, 2005, Kelly Raymond came over and asked the Plaintiff how Alan Koslowski--the person who received the team leader job--could afford to take a cut in pay.

50. The Plaintiff responded that Ron Chaplin had a similar job to Alan's old job. She told Mr. Raymond that she understood that Ron was getting his full supervisor's pay until someone took over his old job. The Plaintiff also told Mr. Raymond that Mr. Raymond could talk to Sue, Ron's wife.

51. On March 31, 2005, the Plaintiff was suspended for discussing a worker's pay, contrary to public policy as now embodied in the Fair Employment Practices Act.

52. On April 5, 2005, the Plaintiff received a written warning and was told to attend psychological counsel for the discussion of a worker's pay.

53. A copy of this written warning is attached hereto as Exhibit A.

54. On or about May 16, 2004, the work group that had been discussing a pay raise met with management. At this meeting, which included about seven employees and three managers, the workers were

EDWIN L. HOBSON
ATTORNEY AT LAW
289 COLLEGE ST.
BURLINGTON, VT
05401-8320

(802) 863-2000

COMPLAINT

00000010

PAGE 6 OF 10

informed that they were not going to get a pay raise. The Plaintiff was quite outspoken to management that denial of a pay raise was wrongheaded.

55. On or about May 18, 2005, the Plaintiff again requested, and indeed insisted, that Barry Callebaut file a report of her left should injury that had occurred the previous August. The employer finally filed this report of injury on this day.

56. On or about May 19, 2005, a fellow employee Lyle placed his forklift in the path behind the Plaintiff's forklift.

57. The Plaintiff had to back up to unload, and backed up until the Plaintiff minimally touched the pallet on his forklift so that she had enough clearance to put her pallets on the mezzanine. At that point Lyle started yelling at her, saying, "Hey, hey, what are you doing." The Plaintiff put her pallets on the mezzanine as she had intended.

58. The next day, on or about May 20, 2005, a friend of Lyle and of Kelly Raymond said to the Plaintiff, "You are next," meaning that the Plaintiff was going to be fired.

59. That same morning the Plaintiff went to the doctor's for the left shoulder injury that my employer had first reported on May 18th.

60. That afternoon the Plaintiff was terminated on the pretext of a safety issue when other workers with more serious safety questions are not disciplined.

61. A copy of the termination notice is attached hereto as Appendix B.

62. Barry Callebaut's adverse job actions and failure to accommodate the Plaintiff were caused by activities that for which the law protects the Plaintiff and prohibits discrimination and retaliation.

63. Barry Callebaut's claims to the contrary are a mere pretext for discrimination and retaliation.

EDWIN L. HOBSON
ATTORNEY AT LAW
289 COLLEGE ST.
BURLINGTON, VT
05401-8320

(802) 863-2000

**00000011**

COMPLAINT

PAGE 7 OF 10

### Count One – Product Liability

64. Each and every allegation in this Complaint is hereby realleged.

65. The Defendant Liftech is liable for supplying of the inherently unsafe Hi-Racker equipment that would spin without operator input and that lacked an adequate safety cage to protect the operator from falling objects, thereby proximately causing the Plaintiff injuries.

### Count Two - Negligence

66. Each and every allegation in this Complaint is hereby realleged.

67. Defendants Liftech and Gary Leroux negligently failed to repair and maintain the Hi-Racker equipment in safe condition, despite numerous opportunities to make a safe repair.

68. Defendants Liftech and Gary Leroux negligently returned the unsafe Hi-Racker equipment to service in unsafe condition in violation of the standard of care embodied in VOSHA regulations.

69. The negligence of defendants Liftech and Gary Leroux proximately caused injuries to the Plaintiff.

### Count Three – Safe Working Conditions and Workers' Compensation Retaliation

70. Each and every allegation in this Complaint is hereby realleged.

71. Barry Callebaut took adverse job actions against the Plaintiff in whole or in part due to her reports of unsafe working conditions, report worker compensation injuries, claiming of workers compensation and her insistence that her second injury be reported.

72. Said job actions are a violation of public policy, 21 V.S.A. §710, 21 V.S.A. §643b, and 21 V.S.A. §232.

### Count Four – Violation of Public Policy for Discipline for Discussion of Salary

EDWIN L. HOBSON
ATTORNEY AT LAW
289 COLLEGE ST.
BURLINGTON, VT
05401-8320

(802) 863-2000

00000012

COMPLAINT

73. Each and every allegation in this Complaint is hereby realleged.

74. The discipline of Plaintiff by Barry Callebaut for discussion of protest of lack of a wage increase and discussion of salary violates the public policy, as now embodied in 21 V.S.A. §495(a)(8).

### Count Five – Violation of Fair Employment Practices Act

75. Each and every allegation in this Complaint is hereby realleged.

76. The discipline of Plaintiff by Barry Callebaut was a pretext for discrimination in whole or in part in retaliation because of the Plaintiff's repeated complaints of a hostile and offense work environment due to Kelly Raymond's detailed discussion at the workplace of his sexual relations with a co-worker, in violation of 21 V.S.A. §495b.

### Count Six – Violation of Fair Employment Practices Act

77. Each and every allegation in this Complaint is hereby realleged.

78. The failure of Barry Callebaut to accommodate the Plaintiff's disability as instructed by her physician resulted in injuries to the Plaintiff. in violation of 21 V.S.A. §495b.

79. The discharge of the Plaintiff was motivated in whole or in part by her complaints of failure to accommodate her reasonable requests due to her disability.

WHEREFORE the Plaintiff asks this Court to grant judgment against Defendant for Plaintiff's damages, lost wages, earnings, benefits, damages for emotional distress, punitive damages, and to order the Defendant to rehire the Plaintiff or to pay front pay for lost wages, and to grant Plaintiff's attorney's fees, costs of investigation, interest and costs.

EDWIN L. HOBSON
ATTORNEY AT LAW
289 COLLEGE ST.
BURLINGTON, VT
05401-8320

(802) 863-2000

COMPLAINT

00000013

PAGE 9 OF 10

THE PLAINTIFF DEMANDS TRIAL BY JURY

ON ALL QUESTIONS SO TRIABLE.

BARBARA FLANDERS

September 12, 2005

By: Edwin L. Hobson
Its Attorney

Appendix A – Warning dated April 5, 2005
Appendix B – Termination dated May 20, 2005

EDWIN L. HOBSON
ATTORNEY AT LAW
289 COLLEGE ST.
BURLINGTON, VT
05401-8320

(802) 863-2000

COMPLAINT

00000014

PAGE 10 OF 10

## BARRY CALLEBAUT U.S.A. INC.
### Employee Warning Record (Please Print)

**NAME:** Barbara Webb  **DATE:** 4/5/2005
**DEPARTMENT:** Warehouse  **SHIFT:** 1st

☐ Written Warning / Verbal    [X] Suspension    ☐ Termination

**NATURE OF DOCUMENT:** Suspension

**Confirmation of Warning Concerning:** ☐ Substandard Work  [X] Conduct
☐ Safety  ☐ Attendance/Tardiness  ☐ Other

**Previous Warnings (type):** _____ Date: _____  Date: _____

**Description of Deficiency (Who, What, When):**
Barb and Kelly Raymond were having a discussion after the team training. They were talking about the salary rates of those who had stepped down as Supervisors and were now machine operators. Barb and Kelly brought up Ron Chaplin's name. Kelly asked Barb if she knew what Ron was making now. Barb said that she heard he was still making the same amount, but if you really want to know why don't you go ask Sue she should know.

**Impact of Behavior (Co. Results, Co-Wrkrs, Customers):**
Barb had the opportunity to defuse this situation. Instead of telling Kelly to go and check with Sue, she could have decided to end the discussion by telling Kelly that it wasn't any of their business what Ron's salary is. The events that followed this incident reduced the productivity of everyone involved.

**Action Plan for Improvement (Dates for Follow-up):**
Because of Barb's direct involvement in the discussion of a coworkers salary, she has been suspended without pay for the three days she was out during the investigation. Barb is being recommended by her supervisor to go to EAP for advice and councel on how to control her anger and feeling's towards her coworker who was directly involved in this situation.
Barb is now on probation for six months. During the probationary period her behavior towards her coworkers will be monitored. If other incidences like this occur, or there are any other infractions further disciplinary action will result up to and including termination.

**Employee Comments:**
_____

**Employee's Signature:** [signature]  **Date:** 4/5/05
**Supervisor's Signature:** [signature]  **Date:** 4/5/05
**Witness Signature:** [signature]  **Date:** 4/5/05

00000015

# BARRY CALLEBAUT U.S.A. INC.
## Employee Warning Record (Please Print)

NAME: Barbara Webb  DATE: 5/20/2005
DEPARTMENT: Warehouse  SHIFT: 1st

☐ Written Warning verbal   ☐ Suspension   ☒ Termination

NATURE OF DOCUMENT: Termination

Confirmation of Warning Concerning:
☒ Safety   ☐ Substandard Work   ☐ Conduct
☐ Attendance/Tardiness   ☐ Other

Previous Warnings (type): Suspension (conduct)   Date: 4/5/2005
Date:

### Description of Deficiency (Who, What, When):
Barb Webb was off loading pallets at door 1 in Shipping. At the same time Lyle Parah was at the front of row 5 across from door 1. Barb was putting the pallets away on the mezzanine. Barb backed into the aisle with a load of pallets. She did not see if anyone was in the way and she backed into Lyle Parah's forklift. Lyle said he tried to get Barb's attention to get her to stop, but she didn't hear him. Lyle was not on his forklift at the time. He had stepped off the lift to readjust a skid of materials he didn't need.

### Impact of Behavior (Co. Results, Co-Wrkrs, Customers):
Because Lyle was not on his forklift the risk of injury was high. If he had been standing in front of his lift Barb could have caused a major or even life threatening injury to Lyle. She admitted that she didn't look, and she didn't hear Lyle when he tried to tell her to stop.

### Action Plan for Improvement (Dates for Follow-up):
Based on her previous warning dated 4-5-05 which was issued for conduct, and because of the seriousness of this incident Barbara's employment is being terminated at this time.

Employee Comments: Barb refused to sign.

Employee's Signature:   Date:
Supervisor's Signature: Amy Bourgeon   Date: 5/20/05
Witness Signature: Rosemary Martell   Date: 5/20/05
5/20/2005

00000016

STATE OF VERMONT  
SUPERIOR COURT

CHITTENDEN COUNTY CLERK  
FILED IN CLERK'S OFFICE  
SEP 1 2 2005  
DIANE A. LAVALLEE  
CLERK

CHITTENDEN COUNTY, SS.  
Docket no. _____-CnC

BARBARA FLANDERS f/k/a BARBARA WEBB,  
    Plaintiff

        v.

LIFTECH COMPANIES, INC., BARRY CALLEBUT U.S.A., INC., BARRY CALLEBUT USA, LLC and GARY LEROUX,

    Defendants

# SUMMONS

*To the above-named Defendant(s):*

You are hereby summoned and required to serve upon Edwin L. Hobson, plaintiff's attorney, whose address is 289 College Street, Burlington, Vermont 05401-8320, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court. Unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action. YOUR ANSWER MUST STATE SUCH A COUNTERCLAIM WHETHER OR NOT THE RELIEF DEMANDED IN THE COMPLAINT IS FOR DAMAGE COVERED BY A LIABILITY INSURANCE POLICY UNDER WHICH THE INSURER HAS THE RIGHT OR OBLIGATION TO CONDUCT THE DEFENSE. If you believe that the plaintiff is not entitled to all or part of the claim set forth in the complaint, or if you believe that you have a counterclaim against the plaintiff, you may wish to consult an attorney. If you feel that you cannot afford to pay an attorney's fee, you may ask the clerk of the court for information about places where you may seek legal assistance.

Dated: September 12, 2005

                                          Edwin L. Hobson, Plaintiff's Attorney

*Served on (Date) _____, 2005

_____  
Deputy Sheriff

vrcp form 1

EDWIN L. HOBSON  
ATTORNEY AT LAW  
289 COLLEGE ST.  
BURLINGTON, VT  
05401-8320  

(802) 863-2000

00000017

STATE OF VERMONT  
SUPERIOR COURT

CHITTENDEN COUNTY, SS.  
Docket no. S_____-2005CnC

BARBARA FLANDERS F/K/A BARBARA WEBB,  
   Plaintiff

v.

LIFTECH COMPANIES, INC., BARRY CALLEBAUT U.S.A., Inc., BARRY CALLEBAUT U.S.A., LLC and GARY LEROUX,  
   Defendants

**FIRST AMENDED COMPLAINT**

    Now Comes Barbara Flanders, and for her complaint alleges as follows:

### Introduction

    1.    This is an action for damages due to negligent performance of a repair contract on a so-called Hi-Racker forklift, and for discrimination and retaliation by Plaintiff's employer.

### Parties

    2.    The Plaintiff is a resident of St. Albans, County of Franklin, and State of Vermont.

    3.    Defendant Barry Callebaut U.S.A., Inc. is a foreign corporation with a place of business in St. Albans, County of Franklin, and State of Vermont. Defendant Barry Callebaut U.S.A., LLC is a foreign limited liability company. These Defendants are referred to hereinafter as "Barry Callebaut."

    4.    Defendant Liftech Companies, Inc. (hereinafter "Liftech") is a foreign corporation with a place of business in South Burlington, County of Chittenden and State of Vermont.

    5.    Defendant Gary Leroux is employed by Liftech Companies, Inc. to service Hi-Racker lifts at the Barry Callebaut warehouse, among his

other duties. Defendant Gary Leroux is a resident of Franklin County, Vermont.

## Factual Allegations

6.  The Defendant Barry Callebaut hired Plaintiff Barbara Flanders f/k/a Barbara Webb on or about August 5, 1994.

7.  The Plaintiff's position was a "warehouse M.O."

8.  In this position, the Plaintiff operated equipment to place and remove inventory in Barry Callebaut's racks.

9.  The racks are approximately forty feet in height and contain inventory on pallets weighing up to a ton.

10.  Liftech supplied Hyster Hi-Rackers to Barry Callebaut.

11.  Hyster Hi-Rackers are extremely heavy pieces of equipment similar to forklifts, designed to allow workers to remove heavy items from high racks or shelving.

12.  Unlike a standard forklift, the operator rides up and down with the forklift load. Unlike a standard forklift, the Hi-Racker forklift is sideways to the vehicle.

13.  Liftech supplied a Hyster Hi-Racker to Barry Callebaut with a known design flaw, where the Hi-Racker would spin without operator input.

14.  The Hyster Hi-Racker also lacked a full safety cage to protect the operator from falling objects that it would dislodge, which the Hi-Racker reasonably required to protect the operator from heavy objects falling from substantial heights.

15.  The racks at Barry Callebaut contained pallets with inventory weighing up to a ton each.

16. When the Hi-Racker spun due to this design and safety flaw, it would often strike a rack or the support columns for the racks, damaging the column and shaking the rack.

17. This spinning action created a substantial likelihood of injury due to the possibility of shaking or destroying the racks, thereby dislodging heavy objects from considerable height.

18. The Plaintiff repeatedly complained of this design and safety defect to the officials of Barry Callebaut.

19. Barry Callebaut repeatedly reported the defect to Liftech and requested repairs.

20. Gary Leroux was Liftech's on-site maintenance expert, whose duties included repair of the Hyster Hi-Racker equipment.

21. Liftech repeatedly sent its technician, Gary Leroux to repair the Hyster Hi-Racker.

22. Gary Leroux and Liftech repeatedly failed to make adequate repairs.

23. Gary Leroux and Liftech repeatedly returned the Hyster Hi-Racker to service in an unsafe condition in violation of a reasonable standard of care.

24. The Hyster Hi-Racker would continue to bang the support columns, creating unsafe working conditions for the operators and anyone nearby.

25. As a result of the failure to the Defendants to remove the defective and defectively repaired Hyster Hi-Racker from service, in approximately 2001, a fellow worker and employee of Barry Callebaut Steven Radzminski was struck by falling objects when the Hyster Hi-Racker spun and knocked items from the shelves.

26. All Defendants were made aware of Mr. Radzminski's accident.